IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ELIZABETH HEARN AND                                                PLAINTIFFS
PHILIP C. HEARN

V.                                                                 CAUSE NO. 3:12-CV-00453-CWR-FKB

JEFFERY P. REYNOLDS, INDIVIDUALLY
AND DOING BUSINESS AS JEFFREY P.
REYNOLDS, P.A., MICHAEL V. CORY, JR.,                              DEFENDANTS
DANKS, MILLER & CORY, JOHN P.
COTTINGHAM, AND JERRY BARRETT

## ORDER OF REMAND

"Federal courts enjoy only limited jurisdiction,"[1] and therefore, federal courts are obligated to evaluate the question of subject-matter jurisdiction in every case.[2]

Title 28, Section 1441 of the United States Code allows defendants sued in state court to have the case heard instead in federal court, so long as the case could have been brought in federal court to begin with.

But removal is not available simply because a case will, at one point or another, involve a discussion of federal law. Instead, Section 1441 permits removal only when the claims at issue "arise under" federal law.[3] To put it another way, claims springing from state law may be removed only if they "*necessarily* raise a stated federal issue, [which is] actually disputed and

---

[1] *Trinity USA Operating, LLC v. Barker*, 2011 WL 2976942, *5 (S.D. Miss. July 21, 2011).

[2] *Id.* at *6.

[3] *Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 386 (1998).

1

substantial[.]"⁴

The plaintiffs in this case (collectively "Hearn") were parties earlier this year to a sealed proceeding in state-court.⁵ That proceeding concerned Hearn's medical history. In the case now before this Court, Hearn sued the defendants for publishing documents filed in the sealed matter.⁶ The purpose of this publication, in Hearn's view, was to harass and to embarrass him and to inflict emotional distress.⁷ Hearn also argues that the publications amounted to HIPAA⁸ violations.

This latter argument is the subject of the defendants' removal to federal court. According to the defendants, Hearn's invocation of HIPAA establishes that Hearn's "claim arises under federal law such at this Court has federal question jurisdiction."⁹

For two reasons, this Court cannot agree.

First, HIPAA does not create a private right of action.¹⁰ Even if Hearn had stated a claim

---

⁴ *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (emphasis added). *See also Arkansas v. Kansas & Texas Coal Co.*, 183 U.S. 185, 188 (1901) ("[I]t has been settled that a case cannot be removed from a state court into the circuit court of the United States on the sole ground that it is one arising under the Constitution, law, or treaties of the United States, unless that appears by plaintiff's statement of his own claim.").

⁵ State Court Record [Docket No. 2] at 3.

⁶ State Court Record at 3.

⁷ State Court Record at 4-5.

⁸ The Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996).

⁹ Notice of Removal [Docket No. 1] at 2.

¹⁰ *Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006) ("We hold there is no private cause of action under HIPAA and therefore no federal subject matter jurisdiction over Acara's asserted claims."). *See Wright v. Combined Ins. Co. of Am.*, 959 F. Supp. 356, 363 (N.D. Miss.

2

for relief under HIPAA, this Court would be obligated to remand the case.[11]

Second, even if HIPAA did create a private right of action, it is far from clear that Hearn intended to state such a claim. A review of Hearn's complaint leads the Court to the conclusion that Hearn is concerned primarily with an intent to injure his standing in the community rather than a disclosure of his medical history. The complaint's allusion to HIPAA strikes the Court as, at most, a fleeting observation rather than an attempt to state a claim. Hearn's brief in support of his motion to remand[12] corroborates this conclusion by representing that the plaintiffs "at no point have alleged a cause of action based upon HIPAA."

In the Notice of Remand, the defendants offered two arguments in favor of bringing the case to federal court, but the Court is reluctant to give them the federal jurisdictional key to this forum.

First, the defendants argue that even though HIPAA creates no private right of action, remand is inappropriate because "[w]hen a plaintiff's complaint seeks recovery under a federal law, federal courts should hear the suit even if the plaintiff fails to state a claim under federal law."[13] But this argument relies on the assumption that the failure to articulate a right to relief is

---

1997) (holding that HIPAA contains no "manifest congressional intent to create a new federal cause of action which is removable to federal court").

[11] *Buchner v. FDIC*, 981 F.2d 816, 819 (5th Cir. 1993) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") (quoting 28 U.S.C. § 1447(c)).

[12] Memorandum of Law in Support of Motion to Remand [Docket No. 12] at 4.

[13] Notice of Removal at 3. The defendants offered authority in support of this position, none of which involved a HIPAA claim that created a removable, federal question.

identical to the failure to invoke a right of action.[14] It is not. When a complaint alleges facts that are insufficient to state a claim, then so long as a right of action exists, a court enjoys jurisdiction to address the claim's merits.[15] But when a complaint fails even to identify a right of action, then the plaintiff has not merely stated a failed claim – he has stated no claim at all, and there is no federal question over which to exercise jurisdiction.

A 2006 decision from this district is instructive. In *Pierce v. Bryant*,[16] a plaintiff filed suit in state court after the disclosure of a personnel document that, he alleged, was covered by the federal Privacy Act. The defendant removed the case to federal court because of the invocation of the Privacy Act. But ultimately, Judge Lee remanded the case to state court because, like HIPAA, the Privacy Act "does not allow for any private cause of action for its violation."[17] In Judge Lee's view, the only reason that the plaintiff mentioned the Privacy Act at all was because it was "the source of his alleged reasonable expectation that the [document] would be kept private."[18] This Court believes that Hearn's complaint referred to HIPAA for the same reason.

Alternatively, the defendants contend that even if Hearn did not state a claim for a violation of HIPAA, the statute remains an indispensable "federal ingredient" in his claim.[19] In

---

[14] This argument also relies on the assumption that Hearn attempted to state a claim under HIPAA. For reasons already explained, the Court disagrees.

[15] *See, e.g., Bell v. Hood*, 327 U.S. 678 (1946).

[16] *Pierce v. Bryant*, 2006 WL 1520306, *1 (S.D. Miss. May 31, 2006) (Lee, J.).

[17] *Id.*

[18] *Id.*

[19] Notice of Removal at 4.

4

support of that argument, the defendants rely on the Supreme Court's 2005 decision in *Grable and Sons Metal Products, Inc. v. Darue Engineering and Manufacturing*.[20] In *Grable*, a plaintiff brought a quiet title action in state court to challenge the sale of real property that, in the plaintiff's view, was invalid because the Internal Revenue Service had not afforded him proper notice that the real property would be sold.[21] The defendant removed the case to federal court, and ultimately, the Supreme Court blessed the removal. State law required Grable to establish the superiority of his claim to the property, and the Supreme Court held that "[w]hether Grable was given notice within the meaning of the federal statute is thus an essential element of its quiet title claim."[22] Indeed, the *Grable* case turned so centrally around federal law that the question of whether the IRS complied with the notice statute "appear[ed] to be the only legal or factual issue contested in the case."[23]

But at least two courts have described *Grable* as a decision delineating an "exceptional" category of cases.[24] In *Grable*, the federal government's "strong interest in tax collection" compelled the federal courts to exercise jurisdiction.[25] No similar interest is present in this case.

---

[20] *Grable & Sones Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).

[21] *Grable*, 545 U.S. at 310-11.

[22] *Id.* at 315.

[23] *Id.*

[24] *Baum v. Keystone Mercy Health Plan*, 826 F. Supp. 2d 718, 721 (E.D. Pa. 2011); *Cross v. King Cnty.*, 2009 WL 2475444, *4 (W.D. Wash. 2009). *See also I.S. v. The Washington Univ.*, No. 4:11-cv-235-SN-LJ, 2011 WL 2433585, *2 (E.D. Mo. 2011) ("small and special cases" fall within this category).

[25] *Harmon v. Maury Cnty., Tennessee*, 2005 WL 2133697, *3 (M.D. Tenn. Aug. 31, 2005). *See also id.* ("In this situation, no welcome mat meant keep out.").

"In spite of the fact that the personal data at the heart of this case is protected by [HIPAA], this is a fairly straightforward state-law tort case"[26] – to the extent a state cause of action has indeed been pled. But the state courts should be left to make that determination.

"[T]he removal statute is strictly construed"[27] because of the act's obvious federalism implications. In this case, the only hint of a federal question rests on the complaint's passing reference to HIPAA – a provision that, by Hearn's representation, was not invoked as the basis of his claim. The outcome of this case simply does not "depend[ ] on resolution of a substantial question of federal law."[28] And with no federal question presented, this Court cannot exercise jurisdiction over the case's subject matter.

At a telephonic hearing convened on this matter earlier today, defense counsel argued that HIPAA is the only provision of law explicitly invoked and, therefore, that if no *federal* claim has been stated then *no claim at all* has been stated. The Court agrees that the complaint is not the picture of clarity, and the Court expresses no opinion on whatever state claims have been presented. The only question before this court of limited jurisdiction is whether any federal claims have been stated. Given the broad consensus that HIPAA creates no private right of action, the Court can answer that question only in the negative.

Likewise, the Court is not unaware that this dispute takes place at a moment when most,

---

[26] *Baum*, 826 F. Supp. 2d at 721. *See also Pendleton v. Hinds Cnty.*, No. 3:08-cv-754-HTW-LRA, 2010 WL 1416499, *2 (S.D. Miss. 2010).

[27] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

[28] *Singh v. Duane Morris LLP*, 538 F.3d 337-338 (5th Cir. 2008).

if not all, of the chancellors otherwise available to hear this matter are out of state.[29] The Court is not unsympathetic to the logistical dilemma awaiting the parties back in state court, but in the absence of a federal question, this Court's only option is to remand. And so it does.

Hearn's motion is granted. This matter is remanded to Hinds County Chancery Court. Because the Court finds that it lacks jurisdiction over this case, it does not reach the merits of the Motion to Dissolve Temporary Restraining Order and for Expedited Hearing.[30]

SO ORDERED this Sixth day of July 2012.

/s/ *Carlton W. Reeves*
Hon. Carlton W. Reeves
United States District Court Judge

---

[29] With one chancellor likely being a witness in this matter, it is most likely that the remaining chancellors may recuse and that the Mississippi Supreme Court will have to appoint another judge to hear the matter. And the state courts will, I suspect, be called to act before affirmative obligations under the TRO must be taken.

[30] Motion to Dissolve Temporary Restraining Order and for Expedited Hearing [Docket No. 6].